UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELSO ISRAEL GONZALEZ MARTINEZ,<br><br>                    Petitioner,<br><br>          v.<br><br>WARDEN,<br><br>                    Respondent. | No. 1:26-cv-01250 JLT SKO (HC)<br><br>A-Number: 244-165-073<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART (Doc. 6)<br><br>ORDER DISMISSING PETITION IN PART<br><br>ORDER FOR RESPONSE |

Celso Israel Gonzalez Martinez is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 20, 2026, the assigned Magistrate Judge issued Findings and Recommendations to dismiss the pro se petition, reasoning that it had attempted to articulate a prolonged detention claim that was premature because Petitioner had been detained since only January 10, 2026. (Doc. 6.) The Court served the Findings and Recommendations on all parties, notified them that any objections were due within 21 days, and warned that failure to object may result in the waiver of rights on appeal. (*Id*., *citing Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Over 21 days have passed, and no party has filed objections.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this

1

case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations correctly recommend dismissal of any prolonged detention claim. However, construing the pro se Petition liberally, the Court believes Petitioner has articulated a more general due process challenge to his detention. For example, he argues that his detention is "prolonged <u>and</u> unconstitutional" (Doc. 1 at 5 (emphasis added)) and explains the factual circumstances of his entry into the United States, release on supervision, application for asylum, issuance of a work permit, and subsequent re-detention, apparently without any changed circumstance. (*Id*. at 5–6.) Accordingly, the Court will require Respondent to answer that claim and will refer the matter back to the magistrate judge for further proceedings.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on February 20, 2026, (Doc. 6), are **ADOPTED IN PART**.

2. Any prolonged detention claim is **DISMISSED WITHOUT PREJUDICE**.

3. However, within 21 days, Respondent **SHALL** respond to the due process claim related to re-detention.

4. Within 14 days of Respondent's filing, Petitioner may file a reply.

3. The matter is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **March 20, 2026**

_____
UNITED STATES DISTRICT JUDGE