# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CELSO I.G.M.,[1]
(A Number: 244-165-073)

                    Petitioner,

        v.

WARDEN,

                    Respondents.

Case No. 1:26-cv-01250-JLT-EGC (HC)

**ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL**

**FINDINGS AND RECOMMENDATION THAT PETITIONER'S PETITION BE GRANTED**

(Docs. 1, 2, 10)

TEN (10) DAY DEADLINE

Celso I.G.M. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The Court has previously addressed the legal issues raised by the petition. *See, e.g.*, *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025).

On March 23, 2026, the Court ordered Respondents to respond to Petitioner's due process claim. (Doc. 10). On April 13, 2026, Respondents filed a response in which they acknowledge

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

that "most of the Courts in the Eastern District of California have ruled that petitioners previously released before re-detention accumulate a liberty interest and any subsequent re-arrest without a so-called pre-deprivation hearing violates due process." (Doc. 11 at 2). Nevertheless, Respondents disagree with the Court's statutory interpretation in those cases. (*Id.*).

In line with the Court's previous cases, the undersigned finds that Petitioner's release on supervision created a strong liberty interest in remaining free of detention. As in those previous cases, the Court finds that Respondents' deprivation of Petitioner's liberty interest without notice and opportunity to challenge the reasons for detention violated his due process rights.

Respondents argue that in the event the Court grants habeas relief, Petitioner is not entitled to release but should only be granted a hearing. (Doc. 11 at 2–3). In this regard, Respondents arguments are persuasive.

In this case, the parties dispute whether Petitioner followed the terms of supervision. Respondents argue Petitioner violated the terms of their supervision by failing to complete three biometric check-ins. (Doc. 11 at 3). On the other hand, Petitioner claims they fulfilled all of their "Alternatives to Detention" appointments. (Doc. 1 at 2–3). Although there is a dispute in fact, the undersigned finds that Respondents' "reliance on those violations is 'not obviously pretextual.'" *M.R.R. v. Chestnut*, 2025 WL 3265446, at \*12 (quoting *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025)). In such a case, as other courts have done, the undersigned finds that prompt, post-deprivation process is required here, and that Petitioner should be provided a bond hearing before an immigration judge. *Id.*; *Carballo v. Andrews*, No. 1:25-CV-00978-KES-EPG (HC), 2025 WL 2381464, at \*8 (E.D. Cal. Aug. 15, 2025). In line with previous cases, the undersigned finds that the Government should bear the burden of proof at any such hearing to demonstrate to a neutral decisionmaker by clear and convincing evidence that re-detention is necessary to prevent danger to the community or flight. *M.R.R.*, 2025 WL 3265446, at \*14; *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032–33 (N.D. Cal. 2025).

**ORDER**

On date, Petitioner requested the appointment of counsel. (Doc. 2). Title 18 U.S.C.

§ 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." *See* Rule 8(c), Rules Governing Section 2254 Cases.  Insofar as the undersigned is recommending the petition be granted on the papers, the undersigned does not find that the interests of justice require appointment of counsel at the present time.

**RECOMMENDATION**

Accordingly, the Court hereby RECOMMENDS that Respondents be ORDERED to provide Petitioner with a substantive bond hearing at which the Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if she is released.  In addition, the Court recommends that at any such hearing, the Government should bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties.  *Id*.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **July 8, 2026**

_____
UNITED STATES MAGISTRATE JUDGE